United States District Court
Southern District of Texas
FILED

MAR 2 6 2002

Michael N. Milby
Clerk of Court

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION**

| | | |
|---|---|---|
| IVY J. ARROYO AND | § | |
| ELIZABETH ARROYO | § | |
| | § | CIVIL ACTION NO. **B-02- 057** |
| VS. | § | |
| | § | |
| GEICO GENERAL INSURANCE CO. | § | |

### NOTICE OF REMOVAL

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

COMES NOW, **GEICO GENERAL INSURANCE CO.**, Defendant in the above entitled and numbered cause, and, and files this its Notice of Removal of the present cause from the 197th Judicial District Court of Cameron County, Texas, in which it is now pending, to the United States District Court for the Southern District of Texas, Brownsville Division, showing the Court as follows:

1. This cause was commenced in the 197th Judicial District Court of Cameron County,  Texas on May 30, 2001, when Plaintiffs' Original Petition was filed in Cause Number 2001-05-2506-C. Plaintiffs thereafter filed a First Amended Petition on January 13, 2001, a Second Amended Petition on February 25, 2002, and a Third Amended Petition on February 27, 2002.  Copies of Plaintiffs' Original Petition, Plaintiffs' First Amended Original Petition, Plaintiffs' Second Amended Original Petition and Plaintiffs' Third Amended Original Petition are attached hereto and incorporated herein for all purposes to this Notice of Removal.

2. Defendant Geico General Insurance Co. was served with a copy of Plaintiffs' Original Petition through its registered agent, James M. Hitt, on June 5, 2001.  A copy of the Citation served

Page 1

on Defendant indicating the date of service is attached hereto and incorporated herein for all purposes.

3. This is a civil action for damages and injuries allegedly incurred by Plaintiffs as a result of an existing insurance contract with the Defendant, when one of their vehicles was stolen on or about April 3, 2001. This lawsuit concerns whether the Plaintiffs were covered for the alleged theft of their vehicle or whether their policy had been canceled for nonpayment of their premiums.

Plaintiffs allege causes of action for Texas Deceptive Trade Practices Act and Article 21.21 of the Texas Insurance Code, breach of contract, and money had and received by the Defendant.

4. Plaintiffs alleged in Plaintiffs' Third Amended Original Petition that they are residents of Cameron County, Texas. Plaintiffs are therefore citizens of Texas.

5. Defendant Geico General Insurance Co. is a foreign corporation, incorporated in the State of Maryland, with its principal place of business in Maryland.

6. Defendant is entitled to removal since there is complete diversity jurisdiction in this case under 28 U.S.C. § 1332(a) since the Plaintiffs are not citizens of the same state in which the Defendant was either incorporated in or the state in which it has its principle place of business. *Safeco Ins. Co. v. City of White House*, 36 F.3d 540, 545 (6th Cir. 1994); *Getty Oil Corp. v. Insurance Co. of N. Am.*; 841 F.2d 1254, 1258 (5th Cir. 1988); *In re First Nat'l Bank*; 70 F.3d 1184, 1188 (11th Cir. 1995); *Indiana Hi-Rail Corp v. Decatur Junction Ry.* 37 F.3d 363, 365 n.3 (7th Cir. 1994).

7. For the purposes of federal removal jurisdiction pursuant to 28 U.S.C. § 1441, complete diversity of citizenship existed at the time this lawsuit was filed and now exists between the adverse parties in the present cause.

8.   Defendant would show the Court that based on Plaintiffs' Third Amended Original Petition, Plaintiffs' are seeking monetary relief aggregating more than $50,000.00 and actual damages of $74,000.00 (exclusive of prejudgment interest, costs, and treble/additional damages under the Deceptive Trade Practices Act and the Texas Insurance Code.

9.   Upon filing of this Notice of Removal of this cause, written notice of the filing by petitioner to Plaintiffs and their counsel has been provided as required by law.  A copy of this notice is also being filed with the Clerk of the State Court in which this cause was originally filed.

10.   This Notice of Removal is timely filed in accordance with 28 U.S.C. § 1446(b), in that it is filed within thirty (30) days of service of Plaintiffs' Third Amended Original Petition on Defendant and within one year of the initial filing of the lawsuit.

11.   Defendant hereby requests a trial by jury.

WHEREFORE, PREMISES CONSIDERED, Defendant prays for removal of the above entitled and numbered cause from the 197th Judicial District Court of Cameron County, Texas to this Honorable Court.

Respectfully submitted,

**ROERIG, OLIVEIRA & FISHER, L.L.P.**
855 W. Price Road, Suite 9
Brownsville, Texas 78520
TEL/ (956) 542-5666
FAX/ (956) 542-0016

By:

**D. ALAN ERWIN, JR.**
State Bar No. 06653020
Federal I.D. No. 20471
ATTORNEY FOR DEFENDANT

Page 3

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Notice of Removal was served upon all counsel of record, to-wit:

Frank E. Perez
**PEREZ & ASSOCIATES**
436 Paredes Line Road
Brownsville, Texas 78521

by certified mail, return receipt requested, hand delivery, and/or facsimile transmission pursuant to the Federal Rules of Civil Procedure, on this the __26th__ day of __March__, 2002.

**D. ALAN ERWIN, JR.**
Attorney at Law

## VERIFICATION

THE STATE OF TEXAS   :
                                :

COUNTY OF CAMERON   :

      BEFORE ME, the undersigned authority on this day personally appeared **D. ALAN ERWIN, JR.** who being by me duly sworn, on his oath deposed as follows:

9.     I am the attorney for **GEICO GENERAL INSURANCE CO.**, Defendant in the above referenced cause.

2.     I am fully authorized and competent to make this Affidavit.

3.     I am familiar with the contents of the above, and to the best of my knowledge, the factual statements set out in the foregoing Notice of Removal are true and correct.

_____
**D. ALAN ERWIN, JR.**

SUBSCRIBED AND SWORN TO BEFORE ME on this the __26th__ day of __March__, 2002.

_____
NOTARY PUBLIC, STATE OF TEXAS

NANCY C. GONZALEZ
Notary Public, State of Texas
My Commission Expires
**February 24, 2005**

Page 5

# CIVIL DOCKET - JUDGE'S ENTRIES

## RULE 26-TRCP

CASE NO. 2001-05-002506-C'

| ...S | ATTORNEYS | KIND OF ACTION |
| --- | --- | --- |
| IZABETH ARROYO | 00354601<br>FRANK E. PEREZ<br>436 PAREDES LINE ROAD<br>BROWNSVILLE, TEXAS    78521  0000<br><br>HON VICTOR VICINAIZ<br>506 EAST DOVE<br>MCALLEN 78504 | (10)<br><br>DAMAGES |
| SURANCE CO. | | |

**DATE OF FILING:** MONTH 05  DAY 30  YEAR 01

JURY

JURY FEE PAID BY

## COURT'S DOCKET (Rule 26, TRCP)

...ectng set for 7/6/01 @ 9am     mjb

...et for 4/8/02 @ 9am w/ Ann on 4/5/01 @ 9am    mjb
...et by ct coordinator due to parties not
...to an agreement + NOT contacting ct coordinator. mjb

...pecial exception set for 8/15/01 @ 9am    mjb

...ial exception passed; ct contacted by Sandra from Lucy Alvarado's
                                    mjb

...to compel set for hearing on 2/20/02 @ 9:00am... mjb

...ental motions to compel set for 3/6/02 @ 9:00 am... mjb





CAUSE NO. 2001-05-2506

| | | |
|---|---|---|
| IVY J. ARROYO AND | § | IN THE DISTRICT COURT COURT OF TEXAS |
| ELIZABETH ARROYO | § | |
| | § | |
| VS. | § | CAMERON COUNTY, TEXAS |
| | § | |
| | § | |
| GEICO GENERAL INSURANCE CO. | § | _197__ JUDICIAL DISTRICT |

FILED _____ O'CLOCK ___ M
AURORA DE LA GARZA DIST. CLERK
MAY 30 2001
CAMERON COUNTY, TEXAS
_____ DEPUTY

### PLAINTIFF'S ORIGINAL PETITION

Plaintiffs file this original petition complaining about the matters below:

### Discovery Control Plan

Discovery is intended to be conducted under Level 2 of Texas Rule of Civil Procedure 190.

### Parties

Plaintiffs, Ivy J. Arroyo and Elizabeth Anne Arroyo, are individuals who reside at 454 Honeydale Rd., Brownsville, Cameron County Texas 78520-7808.

Defendant, GEICO General Insurance Company, is a foreign insurance carrier, which to Plaintiffs' knowledge is organized and existing under the laws of the State of Maryland. GEICO General Insurance Company is authorized and licensed to conduct business in Texas, and may be served with process by serving its resident agent for service of process, by certified mail return receipt requested, as follows:

GEICO General Insurance Company
James M. Hitt
4201 Spring Valley Road
Dallas Tx 75244

## Jurisdiction

The court has jurisdiction over defendant because defendant, a non-resident, does business in Texas and is amenable to service by a Texas court. The court has jurisdiction over the lawsuit under the Texas Deceptive Trade Practices—Consumer Protection Act.

The court has jurisdiction over the controversy because Texas State law claims, including statutory claims, are alleged against defendant.

## Venue

Venue is proper in Cameron County, Texas. Specifically, all or a substantial part of the events and/or omissions giving rise to the claim occurred in Cameron County Texas (Tex. Civ. Prac. & Rem. Code §15.002(a)(1)); Plaintiffs resided in Cameron County Texas at the time the causes of action alleged herein accrued; and defendant or its authorized agent solicited the transaction which forms the basis of this suit in Cameron County Texas.

## Facts

Plaintiffs entered into an insuring agreement with defendant, the terms of which are contained in policy number 166-98-11, with effective dates of 02/19/01 to 08/19/01. This insurance policy covered a 1998 Dodge Durango and a 2000 Sierra 1500 truck owned by Plaintiffs. The insuring agreement provided coverage for the theft of either covered automobile.

On April 3, 2001, the covered Dodge Durango was stolen. The theft occurred during the applicable policy period. Plaintiffs promptly and timely reported

the loss to defendant. Defendant advised Plaintiffs that their insurance policy had been cancelled for non-payment of premiums and that Plaintiffs' vehicle was not covered by the policy in question. Defendant thereafter failed and refused to provide insurance benefits to Plaintiffs under the applicable policy.

Prior to April 3, 2001 Plaintiffs timely sent to Defendant all premiums as they became due. Prior to April 3, 2001 Plaintiffs had numerous conversations with Defendant and its representatives during which Defendant assured Plaintiffs that their payments had been received and that their payments would be applied to their account. Plaintiffs never received any notice—either verbally or in writing—from Defendant that Defendant had not received the premium payments made by Plaintiffs. Plaintiffs never received any notice that Defendant intended to cancel the policy for non-payment of premiums. Plaintiffs have never received notice of cancellation or termination of their policy. To the contrary, Defendants had, prior to April 3, 2001, advised Plaintiffs on numerous occasions that all of Plaintiffs' payments had been received and would be properly credited to Plaintiffs' account.

On or about April 4, 2001 Defendant advised Plaintiff that policy 166-98-11 would be reinstated upon payment by Plaintiffs' of the premiums Defendant was now claiming had not been received. Despite having already paid these premiums and having confirmed receipt of same with Defendants, Plaintiffs promptly re-issued payments, using their credit card, to pay the premiums allegedly owed. Plaintiffs re-issued payment of these premiums based on the express representations by Defendant that their policy would be reinstated and coverage

continued without lapse.    Plaintiffs re-issued payment in total reliance on the statements and representations made by Defendant regarding reinstatement of their policy and assurances that their loss would be covered. Plaintiffs re-issued payment so that their loss would be covered and their policy honored. Despite the assurances and promises of reinstatement and coverage made by Defendant, Defendant did not re-instate the policy without lapse, but instead re-issued policy 166-98-11with new effective dates (excluding coverage for the date of loss) The new policy also provided full coverage for the stolen automobile, so that Plaintiffs were paying premiums to provide coverage for the stolen car, a car Defendant knew was no longer in Plaintiff's' possession. Defendants thereafter continued to receive and keep Plaintiffs' premiums and continued to provide full insurance coverage for the stolen automobile. At the same time that Defendant continued providing coverage for the stolen automobile it also continued in its denial of coverage for the theft of the Dodge Durango. Defendant continues demanding and taking payments from Plaintiffs to provide coverage for the stolen vehicle, but also continues to deny that the theft was a covered loss.

### Defendant violated the Texas Deceptive Trade Practices Act

Defendant engaged in false, misleading,. and/or deceptive acts or practices that plaintiffs relied on to their detriment.    Specifically, defendant engaged in conduct that caused confusion about the insuring agreement made the basis of this suit; misrepresented plaintiffs' rights, remedies, and defendant's obligations under the insuring agreement; misrepresented the authority of its agents and

representatives in the parties' course of dealing; failed to disclose material information when asked; and failed to disclose material information about necessary coverages when asked. Bus. & Com. Code §17.46(b)}.

Defendant engaged in an unconscionable action or course of action, to plaintiffs' detriment, took advantage of the lack of knowledge, ability, experience, or capacity of plaintiffs to a grossly unfair degree. Bus. & Com. Code §17.50(a)(3).

## Defendant Breached its Contract With Plaintiffs

Plaintiffs and defendant executed a written contract. Plaintiff attaches a copy of the contract as Exhibit A and incorporates it by reference. The contract provided that defendant would insure against the theft of Plaintiffs' automobiles. Plaintiffs fully performed their contractual obligations. Defendant has not performed its contractual obligations. Specifically, defendant has not paid to Plaintiffs the monies owed pursuant to the contract of insurance, and specifically for the theft of the covered Dodge Durango.

## Plaintiffs' Compliance with Applicable Notice Provisions And Conditions Precedent

All conditions precedent have been performed or have occurred as required by Texas Rule of Civil Procedure 54.

## Damages

Defendant's conduct was a producing cause of economic damages incurred by plaintiffs. Specifically, plaintiffs are entitled to recover the full value of the stolen automobile, their out-of-pocket expenses incurred as a foreseeable result of defendant's breach of contract and violation of the Texas Deceptive Trade

Practices Act, the benefit of their bargain, all consideration paid, and loss of use damages.

Defendant's conduct was a producing cause of mental anguish damages plaintiffs suffered, for which plaintiffs are entitled to recover as a result of defendant's knowing conduct. Bus. & Com. Code §17.50(b)(1). Defendant's conduct was committed knowingly. Specifically, defendant had actual awareness of the falsity, deception, or unfairness of the acts or practices giving rise to plaintiffs' claim.

Defendant's conduct was a producing cause of mental anguish damages plaintiff suffered, for which plaintiff is entitled to recover as a result of defendant's intentional conduct. Bus. & Com. Code §17.50(a); see Universe Life Ins. Co. v. Giles, 950 S.W.2d 48, 54 (Tex. 1995). Defendant's conduct was intentional because, at the time of the acts and practices complained of, defendant had actual awareness of the falsity, deception, or unfairness of the act or practice and acted with a specific intent that plaintiff act in detrimental reliance on the falsity or deception or in detrimental ignorance of the unfairness. Bus. & Com. Code §17.46(a).

Because defendant acted knowingly and intentionally, plaintiffs are entitled to recover treble damages under Texas Deceptive Trade Practices Act (DTPA), Texas Business & Commerce Code §17.50(b)(1).

Defendant's non-performance constitutes a breach of the contract. As a result of defendant's breach, plaintiff incurred the following damages: actual value

of the stolen vehicle; their out-of-pocket expenses incurred as a foreseeable result of defendant's breach of contract and violation of the Texas Deceptive Trade Practices Act, the benefit of their bargain, all consideration paid, and loss of use damages.

## Attorneys' Fees

Plaintiff is entitled to recover reasonable and necessary attorney fees under DTPA §17.50(d). As a result of defendant's breach, plaintiffs retained counsel, who presented plaintiffs' claim to defendant. Defendant has not tendered the just amount owed under the contract and in fact has rejected such claim. Thus, plaintiffs seek recovery of reasonable attorney fees as allowed by Texas Civil Practices & Remedies Code §§38.001, *et seq*.

## Demand for Jury

Plaintiffs demand a jury trial and tender the appropriate fee.

## Prayer

For these reasons, plaintiffs ask that defendant be cited to appear and answer, and that plaintiffs have judgment against defendant for:

a.   Economic damages within the jurisdictional limits of this court.

b.   Mental anguish damages within the jurisdictional limits of the court.

c.   Damages within the jurisdictional limits of this court.

d.   Treble damages.

e.   Reasonable and necessary attorneys' fees.

f.   Prejudgment and post-judgment interest as allowed by law.

g.   Expenses.

h.   Costs of suit.

i.   Actual value of the stolen vehicle; their out-of-pocket expenses incurred as a foreseeable result of defendant's breach of contract and violation of the Texas Deceptive Trade Practices Act, the benefit of their bargain, all consideration paid, and loss of use damages.

j.   All other relief, in law and in equity, to which plaintiff may be entitled.



Respectfully submitted,

PEREZ & ASSOCIATES

By: _____
Frank E. Perez
State Bar No. 15776540
436 Paredes Line Road
Brownsville, Texas 78521
Telephone:  956-504-5403
Facsimile:   956-504-5991
ATTORNEY FOR PLAINTIFFS
IVY J. ARROYO AND
ELIZABETH ARROYO

Citation for Personal Service  - BY CERTIFIED MAIL    Lit. Seq. # 5.003.01

No. 2001-05-002506-C

**ORIGINAL**

THE STATE OF TEXAS

NOTICE TO DEFENDANT: You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.

TO: GEICO GENERAL INSURANCE CO.
    JAMES M. HITT
    4201 SPRING VALLEY ROAD
    DALLAS, TEXAS 75244

the _____DEFENDANT_____ , GREETING:

You are commanded to appear by filing a written answer to the

PLAINTIFFS ORIGINAL PETITION

at or before 10:00 o'clock a.m. of the Monday next after the expiration of 20 days after the date of service of this citation before the Honorable District Court 197th Judicial District of Cameron County, Texas at the Courthouse of said county in Brownsville, Texas. Said _____PETITION_____ was filed on __MAY 30, 2001__ . A copy of same accompanies this citation.

The file number of said suit being No. 2001-05-002506-C.

The style of the case is:

IVY J. ARROYO AND ELIZABETH ARROYO
VS.
GEICO GENERAL INSURANCE CO.

Said petition was filed in said court by _____FRANK E. PEREZ_____ (Attorney for _____PLAINTIFF_____), whose address is 436 PAREDES LINE ROAD BROWNSVILLE, TEXAS    78521          .

The nature of the demand is fully shown by a true and correct copy of the Petition accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

hand and seal of said Court at Brownsville,
MAY        A.D. 2001.

| ATTACH RETURN RECEIPTS WITH ADDRESSEE'S SIGNATURE | CERTIFICATE OF DELIVERY OF MAIL |
|---|---|

**ATTACH RETURN RECEIPTS WITH ADDRESSEE'S SIGNATURE**

Rule 106 (a)(2): The citation shall be served by mailing to the defendant by Certified Mail, Return Receipt Requested, a true copy of the citation.

Sec. 17.027, Rules of Civil Practice and Remedies Code, if not prepared by Clerk of Court.

NAME OF PREPARER _____ TITLE _____

ADDRESS _____

CITY _____ STATE _____ ZIP _____

**CERTIFICATE OF DELIVERY OF MAIL**

I hereby certify that on the <u>31st</u> of <u>MAY</u> <u>2001</u>, I mailed to

<u>GEICO GENERAL INSURANCE CO.</u>

by registered mail or certified mail, with delivery restricted to addressee only, return receipt requested, a true copy of this citation with a copy of the petition attached hereto.

CERTIFIED MAIL NO. _____ 28011620 _____
RETURN RECEIPT REQUESTED
DELIVER TO ADDRESSEE ONLY

<u>AURORA DE LA GARZA</u>, District Clerk
Cameron County, Texas

_____, Deputy
RICK M. CORNEJO



UNITED STATES POSTAL SERVICE

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

DALLAS, TX 752
PM
05
2001

• Sender: Please print your name, address, and ZIP+4 in this box •

CITATION ISSUED 5/31/01
2001-05-2506-C

Aurora De La Garza
Cameron County District Clerk
974 E. Harrison
Brownsville, Texas 78520

FILED ___ O'CLOCK ___ M
AURORA DE LA GARZA DIST. CLERK

JUN 0 8 2001

DISTRICT COURT OF CAMERON COUNTY, TEXAS
DEPUTY

13

| SENDER: *COMPLETE THIS SECTION* | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| ⚑ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Received by (*Please Print Clearly*)  H. Sherman   B. Date of Delivery  6/5/0<br>C. Signature  X H Sherman   ☐ Agent  ☐ Addressee<br>D. Is delivery address different from item 1?  ☐ Yes<br>If YES, enter delivery address below:  ☐ No |

1. Article Addressed to:

**GEICO GENERAL INSURANCE CO.
JAMES M. HITT
4201 SPRING VALLEY ROAD
DALLAS, TEXAS 75244**

| 3. Service Type |  |
|---|---|
| ☒ Certified Mail | ☐ Express Mail |
| ☐ Registered | ☐ Return Receipt for Merchandise |
| ☐ Insured Mail | ☐ C.O.D. |
| 4. Restricted Delivery? (*Extra Fee*) | ☐ Yes |

2. Article Number *(Copy from service label)*
**2801 1620**

PS Form 3811, July 1999        Domestic Return Receipt        102595-99-M-1789

FILED 9:00 O'CLOCK ___ __M
AURORA DE LA GARZA DIST. CLERK

JUN 1 1 2001

DISTRICT COURTS OF CAMERON COUNTY, TEXAS
_____ DEPUTY

CAUSE NO. 2001-05-2506-C

| | | |
|---|---|---|
| IVY J. ARROYO AND | § | IN THE DISTRICT COURT OF |
| ELIZABETH ARROYO | § | |
| | § | |
| VS. | § | CAMERON COUNTY, TEXAS |
| | § | |
| GEICO GENERAL INSURANCE CO. | § | 197TH JUDICIAL DISTRICT |

## DEFENDANT'S ORIGINAL ANSWER

RECEIVED
JUN 1 3 2001
BY:

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW GEICO GENERAL INSURANCE CO., Defendant in the above entitled

and numbered cause, and file this its Original Answer, and would show the Court the following:

I.

This Defendant denies each and every, all and singular, the allegations contained in

Plaintiffs' Original Petition and demand strict proof thereof.

WHEREFORE, PREMISES CONSIDERED, Defendant prays that Plaintiffs' suit be

dismissed at Plaintiffs' cost, and for such other and further relief to which Defendant may be

entitled, either at law or in equity.

Respectfully submitted,

ROERIG, OLIVEIRA & FISHER, L.L.P.

By _____
Victor V. Vicinaiz
Texas State Bar #20562300
ATTORNEYS FOR DEFENDANT

506 E. Dove
McAllen, Texas 78504
956/631-8049 (Telephone)
956/631-8141 (Telecopier)

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been forwarded to plaintiffs' attorneys as follows:

Frank E. Perez                    **C.M.R.R.R. # 7106 4575 1294 2041 6648**
PEREZ & ASSOCIATES
436 Paredes Line Road
Brownsville, Texas 78521

on this 6th day of June, 2001.

_____
Victor V. Vicinaiz



COPY

CAUSE NO. 2001-05-2506-C

FILED 3:40 O'CLOCK P M
AURORA DE LA GARZA DIST. CLERK
JUL 3 1 2001

| | | |
|---|---|---|
| IVY J. ARROYO AND | § | IN THE DISTRICT COURT OF |
| ELIZABETH ARROYO | § | |
| | § | |
| VS. | § | CAMERON COUNTY, TEXAS |
| | § | |
| | § | |
| GEICO GENERAL INSURANCE CO. | § | 197ᵗʰ JUDICIAL DISTRICT |

## PLAINTIFF'S FIRST AMENDED ORIGINAL PETITION

Plaintiffs file this first amended original petition complaining about the matters below:

### Discovery Control Plan

Discovery is intended to be conducted under Level 2 of Texas Rule of Civil Procedure 190. Plaintiffs affirmatively plead that they seek monetary relief aggregating more than $50,000.00. Plaintiffs affirmatively plead that the maximum amount claimed in actual damages is $70,000.00.

### Parties

Plaintiffs, Ivy J. Arroyo and Elizabeth Anne Arroyo, are individuals who reside at 454 Honeydale Rd., Brownsville, Cameron County Texas 78520-7808.

Defendant, GEICO General Insurance Company, is a foreign insurance carrier, which to Plaintiffs' knowledge is organized and existing under the laws of the State of Maryland. GEICO General Insurance Company is authorized and licensed to conduct business in Texas, and may be served with process by serving its resident agent for service of process, by certified mail return receipt requested, as follows:

GEICO General Insurance Company
James M. Hitt
4201 Spring Valley Road
Dallas Tx 75244

## Jurisdiction

The court has jurisdiction over defendant because defendant, a non-resident, does business in Texas and is amenable to service by a Texas court. The court has jurisdiction over the lawsuit under the Texas Deceptive Trade Practices—Consumer Protection Act.

The court has jurisdiction over the controversy because Texas State law claims, including statutory claims, are alleged against defendant.

## Venue

Venue is proper in Cameron County, Texas. Specifically, all or a substantial part of the events and/or omissions giving rise to the claim occurred in Cameron County Texas (Tex. Civ. Prac. & Rem. Code §15.002(a)(1)); Plaintiffs resided in Cameron County Texas at the time the causes of action alleged herein accrued; and defendant or its authorized agent solicited the transaction which forms the basis of this suit in Cameron County Texas.

## Facts

Plaintiffs entered into an insuring agreement with defendant, the terms of which are contained in policy number 166-98-11, with effective dates of 02/19/01 to 08/19/01. This insurance policy covered a 1998 Dodge Durango and a 2000

Sierra 1500 truck owned by Plaintiffs. The insuring agreement provided coverage for the theft of either covered automobile.

On April 3, 2001, the covered Dodge Durango was stolen. The theft occurred during the applicable policy period. Plaintiffs promptly and timely reported the loss to defendant. Defendant advised Plaintiffs that their insurance policy had been cancelled for non-payment of premiums and that Plaintiffs' vehicle was not covered by the policy in question. Defendant thereafter failed and refused to provide insurance benefits to Plaintiffs under the applicable policy.

Prior to April 3, 2001 Plaintiffs timely sent to Defendant all premiums as they became due. Prior to April 3, 2001 Plaintiffs had numerous conversations with Defendant and its representatives during which Defendant assured Plaintiffs that their payments had been received and that their payments would be applied to their account. Plaintiffs never received any notice—either verbally or in writing—from Defendant that Defendant had not received the premium payments made by Plaintiffs. Plaintiffs never received any notice that Defendant intended to cancel the policy for non-payment of premiums. Plaintiffs have never received notice of cancellation or termination of their policy. To the contrary, Defendants had, prior to April 3, 2001, advised Plaintiffs on numerous occasions that all of Plaintiffs' payments had been received and would be properly credited to Plaintiffs' account.

On or about April 4, 2001 Defendant advised Plaintiff that policy 166-98-11 would be reinstated upon payment by Plaintiffs' of the premiums Defendant was now claiming had not been received. Despite having already paid these premiums

and having confirmed receipt of same with Defendants, Plaintiffs promptly re-issued payments, using their credit card, to pay the premiums allegedly owed. Plaintiffs re-issued payment of these premiums based on the express representations by Defendant that their policy would be reinstated and coverage continued without lapse. Plaintiffs re-issued payment in total reliance on the statements and representations made by Defendant regarding reinstatement of their policy and assurances that their loss would be covered. Plaintiffs re-issued payment so that their loss would be covered and their policy honored. Despite the assurances and promises of reinstatement and coverage made by Defendant, Defendant did not re-instate the policy without lapse, but instead re-issued policy 166-98-11 with new effective dates (excluding coverage for the date of loss) The new policy also provided full coverage for the stolen automobile, so that Plaintiffs were paying premiums to provide coverage for the stolen car, a car Defendant knew was no longer in Plaintiff's possession. Defendants thereafter continued to receive and keep Plaintiffs' premiums and continued to provide full insurance coverage for the stolen automobile. At the same time that Defendant continued providing coverage for the stolen automobile it also continued in its denial of coverage for the theft of the Dodge Durango. Defendant continues demanding and taking payments from Plaintiffs to provide coverage for the stolen vehicle, but also continues to deny that the theft was a covered loss.

## Defendant violated the Texas Deceptive Trade Practices Act

Defendant engaged in false, misleading, and/or deceptive acts or practices that plaintiffs relied on to their detriment. Specifically, defendant engaged in conduct that caused confusion about the insuring agreement made the basis of this suit; misrepresented plaintiffs' rights, remedies, and defendant's obligations under the insuring agreement; misrepresented the authority of its agents and representatives in the parties' course of dealing; failed to disclose material information when asked; and failed to disclose material information about necessary coverages when asked. Bus. & Com. Code §17.46(b).

Defendant engaged in an unconscionable action or course of action, to plaintiffs' detriment, took advantage of the lack of knowledge, ability, experience, or capacity of plaintiffs to a grossly unfair degree. Bus. & Com. Code §17.50(a)(3).

## Defendant Breached its Contract With Plaintiffs

Plaintiffs and defendant executed a written contract. The terms of the contract are contained in Policy number 166-98-11. The contract provided that defendant would insure against the theft of Plaintiffs' automobiles. Plaintiffs fully performed their contractual obligations. Defendant has not performed its contractual obligations. Specifically, defendant has not paid to Plaintiffs the monies owed pursuant to the contract of insurance, and specifically, defendant has not paid Plaintiff any monies owed which resulted from the theft of the covered Dodge Durango.

## Plaintiffs' Compliance with Applicable Notice Provisions
## And Conditions Precedent

All conditions precedent have been performed or have occurred as required by Texas Rule of Civil Procedure 54.

## Damages

Defendant's conduct was a producing and/or proximate cause of economic damages incurred by plaintiffs. Specifically, plaintiffs are entitled to recover the full value of the stolen automobile, their out-of-pocket expenses incurred as a foreseeable result of defendant's breach of contract and violation of the Texas Deceptive Trade Practices Act, the benefit of their bargain, all consideration paid, and loss of use damages.

Defendant's conduct was a producing and/or proximate cause of mental anguish damages plaintiffs suffered, for which plaintiffs are entitled to recover as a result of defendant's knowing conduct. Bus. & Com. Code §17.50(b)(1). Defendant's conduct was committed knowingly. Specifically, defendant had actual awareness of the falsity, deception, or unfairness of the acts or practices giving rise to plaintiffs' claim.

Defendant's conduct was a producing cause of mental anguish damages plaintiff suffered, for which plaintiff is entitled to recover as a result of defendant's intentional conduct. Bus. & Com. Code §17.50(a); see Universe Life Ins. Co. v. Giles, 950 S.W.2d 48, 54 (Tex. 1995). Defendant's conduct was intentional because, at the time of the acts and practices complained of, defendant had actual

awareness of the falsity, deception, or unfairness of the act or practice and acted with a specific intent that plaintiff act in detrimental reliance on the falsity or deception or in detrimental ignorance of the unfairness. Bus. & Com. Code §17.46(a).

Because defendant acted knowingly and intentionally, plaintiffs are entitled to recover treble damages under Texas Deceptive Trade Practices Act (DTPA), Texas Business & Commerce Code §17.50(b)(1).

Defendant's non-performance constitutes a breach of the contract. As a result of defendant's breach, plaintiff incurred the following damages: actual value of the stolen vehicle; their out-of-pocket expenses incurred as a foreseeable result of defendant's breach of contract and violation of the Texas Deceptive Trade Practices Act including rental car expenses, the benefit of their bargain, all consideration paid, and loss of use damages.

### Attorneys' Fees

Plaintiff is entitled to recover reasonable and necessary attorney fees under DTPA §17.50(d). As a result of defendant's breach, plaintiffs retained counsel, who presented plaintiffs' claim to defendant. Defendant has not tendered the just amount owed under the contract and in fact has rejected such claim. Thus, plaintiffs seek recovery of reasonable attorney fees as allowed by Texas Civil Practices & Remedies Code §§38.001, *et seq*.

### Demand for Jury

Plaintiffs demand a jury trial and tender the appropriate fee.

## Prayer

For these reasons, plaintiffs ask that defendant be cited to appear and answer, and that plaintiffs have judgment against defendant for:

a.  Economic damages within the jurisdictional limits of this court. Plaintiffs affirmatively plead that the maximum amount claimed in actual damages is $70,000.00.

b.  Mental anguish damages within the jurisdictional limits of the court.

c.  Damages within the jurisdictional limits of this court.

d.  Treble damages.

e.  Reasonable and necessary attorneys' fees.

f.  Prejudgment and post-judgment interest as allowed by law.

g.  Expenses.

h.  Costs of suit.

i.  Actual value of the stolen vehicle; their out-of-pocket expenses incurred as a foreseeable result of defendant's breach of contract and violation of the Texas Deceptive Trade Practices Act, the benefit of their bargain, all consideration paid, and loss of use damages.

j.  All other relief, in law and in equity, to which plaintiff may be entitled.

Respectfully submitted,

PÉREZ & ASSOCIATES



By:

Frank E. Pérez
State Bar No. 15776540
436 Paredes Line Road
Brownsville, Texas 78521
Telephone: 956-504-5403
Facsimile: 956-504-5991
ATTORNEY FOR PLAINTIFFS
IVY J. ARROYO AND
ELIZABETH ARROYO

## CERTIFICATE OF SERVICE

I hereby certify that on July 31, 2001 a true and correct copy of the foregoing instrument was served upon counsel of record by the following method:

**VIA FAX: (956) 631-8141**
Mr. Victor V. Vicinaiz
Roerig, Oliveira & Fisher, L.L.P.
506 E. Dove
McAllen, Texas 78504



Pérez & Associates

CAUSE NO. 2001-05-2506-C

| | | |
|---|---|---|
| IVY J. ARROYO AND | § | IN THE DISTRICT COURT OF |
| ELIZABETH ARROYO | § | |
| | § | |
| VS. | § | CAMERON COUNTY, TEXAS |
| | § | |
| | § | |
| GEICO GENERAL INSURANCE CO. | § | 197th JUDICIAL DISTRICT |

## PLAINTIFF'S SECOND AMENDED ORIGINAL PETITION

Plaintiffs file this Second Amended Original Petition complaining about the matters below:

### Discovery Control Plan

1.      Discovery is intended to be conducted under Level 2 of Texas Rule of Civil Procedure 190. Plaintiffs affirmatively plead that they seek monetary relief aggregating more than $50,000.00. Plaintiffs affirmatively plead that the maximum amount claimed in actual damages is $70,000.00.

### Parties

2.      Plaintiffs, Ivy J. Arroyo and Elizabeth Anne Arroyo, are individuals who reside at 454 Honeydale Rd., Brownsville, Cameron County Texas 78520-7808.

Defendant, GEICO General Insurance Company, is a foreign insurance carrier, which to Plaintiffs' knowledge is organized and existing under the laws of the State of Maryland. GEICO General Insurance Company is authorized and licensed to

conduct business in Texas. GEICO was served with process by serving its resident

agent for service of process, by certified mail return receipt requested, as follows:

GEICO General Insurance Company
James M. Hitt
4201 Spring Valley Road
Dallas, Tx 75244

GEICO has appeared and answered hereing and, therefore, no service of

process is needed at this time.

### Jurisdiction

3.     The court has jurisdiction over defendant because defendant, a non-

resident, does business in Texas and is amenable to service by a Texas court. The

court has jurisdiction over the lawsuit under the Texas Deceptive Trade Practices—

Consumer Protection Act.

4.     The court has jurisdiction over the controversy because Texas State

law claims, including statutory claims, are alleged against defendant.

### Venue

5.     Venue is proper in Cameron County, Texas.  Specifically, all or a

substantial part of the events and/or omissions giving rise to the claim occurred in

Cameron County Texas (Tex. Civ. Prac. & Rem. Code §15.002(a)(1); Plaintiffs

resided in Cameron County Texas at the time the causes of action alleged herein

accrued; and defendant or its authorized agent solicited the transaction which

forms the basis of this suit in Cameron County Texas. Venue is proper in Cameron

County, no objection has been made to venue in Cameron County.

## Facts

6.      Plaintiffs entered into an insuring agreement with defendant, the terms of which are contained in policy number 166-98-11, with effective dates of 02/19/01 to 08/19/01. This insurance policy covered a 1998 Dodge Durango and a 2000 Sierra 1500 truck owned by Plaintiffs. The insuring agreement provided coverage for the theft of either covered automobile.

7.      On April 3, 2001, the covered Dodge Durango was stolen. The theft occurred during the applicable policy period. Plaintiffs promptly and timely reported the loss to defendant. Defendant advised Plaintiffs that their insurance policy had been cancelled for non-payment of premiums and that Plaintiffs' vehicle was not covered by the policy in question. Defendant thereafter failed and refused to provide insurance benefits to Plaintiffs under the applicable policy.

8.      Prior to April 3, 2001 Plaintiffs timely sent to Defendant all premiums as they became due. Prior to April 3, 2001 Plaintiffs had numerous conversations with Defendant and its representatives during which Defendant assured Plaintiffs that their payments had been received and that their payments would be applied to their account. Plaintiffs never received any notice—either verbally or in writing—from Defendant that Defendant had not received the premium payments made by Plaintiffs. Plaintiffs never received any notice that Defendant intended to cancel or had cancelled the policy for non-payment of premiums. Plaintiffs have never received notice of cancellation or termination of their policy. To the contrary, Defendants had, prior to April 3, 2001, advised Plaintiffs on numerous occasions

that all of Plaintiffs' payments had been received and would be properly credited to Plaintiffs' account. Plaintiffs have performed all of their obligations under the insuring agreement which is the subject of this suit.

9.    On or about April 4, 2001 Defendant advised Plaintiff that policy 166-98-11 would be reinstated upon payment by Plaintiffs' of the premiums Defendant was now claiming had not been received. Despite having already paid these premiums and having confirmed receipt of same with Defendants, Plaintiffs promptly re-issued payments, using their credit card, to pay the premiums allegedly owed. Plaintiffs re-issued payment of these premiums based on the express representations by Defendant that their policy would be reinstated and coverage continued without lapse.    Plaintiffs re-issued payment in total reliance on the statements and representations made by Defendant regarding reinstatement of their policy and assurances that their loss would be covered. Plaintiffs re-issued payment so that their loss would be covered and their policy honored. Despite the assurances and promises of reinstatement and coverage made by Defendant, Defendant did not re-instate the policy without lapse, but instead re-issued policy 166-98-11 with new effective dates (excluding coverage for the date of loss). The new policy also provided full coverage for the stolen automobile, so that Plaintiffs were paying premiums to provide coverage for the stolen car, a car Defendant knew was no longer in Plaintiff's' possession. Defendants thereafter continued to receive and keep Plaintiffs' premiums and continued to provide full insurance coverage for the stolen automobile, despite having actual knowledge that the

vehicle was stolen and that claim was being made by Plaintiffs for the theft. At all times material to Plaintiffs' claims, the stolen vehicle was insured by Defendant. Indeed, the vehicle remained stolen after the issuance of policy 166-98-11, nonetheless, Defendant failed and refused to honor its obligations under the policy and maintained that the loss was not covered. Defendant had actual knowledge that it had reissued policy 166-98-11, had actual knowledge that the vehicle remained a "loss" after issuance of that policy, and continued to bill for and accept premiums on the policy and for the vehicle made the subject of this suit. Nonetheless, at the same time that Defendant continued providing coverage for the stolen automobile it also continued in its denial of coverage for the theft of the Dodge Durango. Defendant continues demanding and taking payments from Plaintiffs to provide coverage for the stolen vehicle, but also continues to deny that the theft was a covered loss. Defendant has, therefore, waived its right to cancel the policy, has waived its right to allege that it validly cancelled the policy, and has waived cancellation of the policy by engaging in conduct inconsistent with the cancellation or that recognizes the continuance of the policy. That conduct includes but is not limited to the conduct described above.

### Defendant violated the Texas Deceptive Trade Practices Act

10.     Defendant's conduct as described above constitutes violations of the **Texas Deceptive Trade Practices Act.** Defendant engaged in false, misleading, and/or deceptive acts or practices that plaintiffs relied on to their detriment. Specifically, defendant caused confusion about the insuring agreement made the basis of this

suit; misrepresented plaintiffs' rights, remedies, and defendant's obligations under the insuring agreement; misrepresented the authority of its agents and representatives in the parties' course of dealing; failed to disclose material information when asked; and failed to disclose material information about necessary coverages when asked. Bus. & Com. Code §17.46(b).

11.    Defendant engaged in an unconscionable action or course of action, to plaintiffs' detriment, took advantage of the lack of knowledge, ability, experience, or capacity of plaintiffs to a grossly unfair degree. Bus. & Com. Code §17.50(a)(3).

### Defendant Breached its Contract With Plaintiffs

12.    Plaintiffs and defendant executed a written contract. The terms of the contract are contained in Policy number 166-98-11. The contract provided that defendant would insure against the theft of Plaintiffs' automobiles. Plaintiffs fully performed their contractual obligations. Defendant has not performed its contractual obligations.  Specifically, defendant has not paid to Plaintiffs the monies owed pursuant to the contract of insurance, and specifically, defendant has not paid Plaintiff any monies owed which resulted from the theft of the covered Dodge Durango.

### Plaintiffs' Compliance with Applicable Notice Provisions And Conditions Precedent

13.    All conditions precedent have been performed or have occurred as required by Texas Rule of Civil Procedure 54.

### Money Had and Received

14.    In the alternative, Plaintiffs assert the equitable cause of action for money had and received against Defendant.  Plaintiffs, in having paid for the same premiums twice, have an ownership interest in the one of the two payments they made for the insurance coverage.  Defendant has withheld and continues to withhold Plaintiffs' moneys sent twice as payment, that in equity and good conscience belong to Plaintiffs, for the insurance coverage.  As a result, Defendant has been unjustly enriched to Plaintiffs' detriment.

### Damages

15.    Defendant's conduct was a producing and/or proximate cause of economic damages incurred by plaintiffs.  Specifically, plaintiffs are entitled to recover the full value of the stolen automobile, their out-of-pocket expenses incurred as a foreseeable result of defendant's breach of contract and violation of the Texas Deceptive Trade Practices Act, the benefit of their bargain, all consideration paid, and loss of use damages.

16.    Defendant's conduct was a producing and/or proximate cause of mental anguish damages plaintiffs suffered, for which plaintiffs are entitled to recover as a result of defendant's knowing conduct.    Bus. & Com. Code §17.50(b)(1). Defendant's conduct was committed knowingly. Specifically, defendant had actual awareness of the falsity, deception, or unfairness of the acts or practices giving rise to plaintiffs' claim.

17.    Defendant's conduct was a producing cause of mental anguish damages plaintiff suffered, for which plaintiff is entitled to recover as a result of

defendant's intentional conduct. Bus. & Com. Code §17.50(a); see Universe Life Ins. Co. v. Giles, 950 S.W.2d 48, 54 (Tex. 1995).   Defendant's conduct was intentional because, at the time of the acts and practices complained of, defendant had actual awareness of the falsity, deception, or unfairness of the act or practice and acted with a specific intent that plaintiff act in detrimental reliance on the falsity or deception or in detrimental ignorance of the unfairness. Bus. & Com. Code §17.46(a).

18.    Because defendant acted knowingly and intentionally, plaintiffs are entitled to recover treble damages under Texas Deceptive Trade Practices Act (DTPA), Texas Business & Commerce Code §17.50(b)(1).

19.    Defendant's non-performance constitutes a breach of the contract. As a result of defendant's breach, plaintiff incurred the following damages: actual value of the stolen vehicle and property in the vehicle that was also stolen; their out-of-pocket expenses incurred as a foreseeable result of defendant's breach of contract and violation of the Texas Deceptive Trade Practices Act including rental car expenses, the benefit of their bargain, all consideration paid, and loss of use damages.

### Attorneys' Fees

20.    Plaintiff is entitled to recover reasonable and necessary attorney fees under DTPA §17.50(d). As a result of defendant's breach, plaintiffs retained counsel, who presented plaintiffs' claim to defendant.  Defendant has not tendered the just amount owed under the contract and in fact has rejected such claim.

Thus, plaintiffs seek recovery of reasonable attorney fees as allowed by Texas Civil Practices & Remedies Code §§38.001, *et seq.*

### Demand for Jury

21.    Plaintiffs demand a jury trial and have tendered the appropriate fee.

### Prayer

22.    For these reasons, plaintiffs ask that defendant be cited to appear and answer, and that plaintiffs have judgment against defendant for:

a.    Economic damages within the jurisdictional limits of this court. Plaintiffs affirmatively plead that the maximum amount claimed in actual damages is $70,000.00.

b.    Mental anguish damages within the jurisdictional limits of the court.

c.    Damages within the jurisdictional limits of this court.

d.    Treble damages.

e.    Reasonable and necessary attorneys' fees.

f.    Prejudgment and post-judgment interest as allowed by law.

g.    Expenses.

h.    Costs of suit.

i.    Actual value of the stolen vehicle; their out-of-pocket expenses incurred as a foreseeable result of defendant's breach of contract and violation of the Texas Deceptive Trade Practices Act, the benefit of their bargain, all consideration paid, and loss of use damages.

j.    All other relief, in law and in equity, to which plaintiff may be entitled.

2-25-02; 3:35PM;PÉREZ & ASSOCIATES                                    956 504 5991                    # 12/ 12



Respectfully submitted,

PÉREZ & ASSOCIATES

By: _____
Frank E. Pérez
State Bar No. 15776540
436 Paredes Line Road
Brownsville, Texas 78521
Telephone:  956-504-5403
Facsimile:  956-504-5991

**ATTORNEY FOR PLAINTIFFS**
**IVY J. ARROYO AND**
**ELIZABETH ARROYO**

## CERTIFICATE OF SERVICE

I hereby certify that on the ___25___ day of February, 2002 a true and correct copy of the foregoing instrument was served upon counsel of record by the following method:

**VIA FAX (956) 542-0016**
Mr. D. Alan Erwin, Jr.
Roerig, Oliveira & Fisher, L.L.P.
855 W. Price Road, Suite 9
Brownsville, Texas  78520

Pérez & Associates

CAUSE NO. 2001-05-2506-C

| | | |
|---|---|---|
| IVY J. ARROYO AND | § | IN THE DISTRICT COURT OF |
| ELIZABETH ARROYO | § | |
| | § | |
| VS. | § | CAMERON COUNTY, TEXAS |
| | § | |
| | § | |
| GEICO GENERAL INSURANCE CO. | § | 197th JUDICIAL DISTRICT |

### PLAINTIFF'S THIRD AMENDED ORIGINAL PETITION

Plaintiffs file this Third Amended Original Petition complaining about the matters below:

### Discovery Control Plan

1.     Discovery is intended to be conducted under Level 2 of Texas Rule of Civil Procedure 190. Plaintiffs affirmatively plead that they seek monetary relief aggregating more than $50,000.00. Plaintiffs affirmatively plead that the maximum amount claimed in actual damages is $74,000.00 (exclusive of prejudgment interest, costs, and treble/additional damages under the Deceptive Trade Practices Act and the Texas Insurance Code).

### Parties

2.     Plaintiffs, Ivy J. Arroyo and Elizabeth Anne Arroyo, are individuals who reside at 454 Honeydale Rd., Brownsville, Cameron County Texas 78520-7808.

Defendant, GEICO General Insurance Company, is a foreign insurance carrier, which to Plaintiffs' knowledge is organized and existing under the laws of the State

of Maryland. GEICO General Insurance Company is authorized and licensed to conduct business in Texas. GEICO was served with process by serving its resident agent for service of process, by certified mail return receipt requested, as follows:

GEICO General Insurance Company
James M. Hitt
4201 Spring Valley Road
Dallas, Tx 75244

GEICO has appeared and answered herein and, therefore, no service of process is needed at this time.

## Jurisdiction

3.    The court has jurisdiction over defendant because defendant, a non-resident, does business in Texas and is amenable to service by a Texas court. The court has jurisdiction over the lawsuit under the Texas Deceptive Trade Practices—Consumer Protection Act.

4.    The court has jurisdiction over the controversy because Texas State law claims, including statutory claims, are alleged against defendant.

## Venue

5.    Venue is proper in Cameron County, Texas.   Specifically, all or a substantial part of the events and/or omissions giving rise to the claim occurred in Cameron County Texas (Tex. Civ. Prac. & Rem. Code §15.002(a)(1); Plaintiffs resided in Cameron County Texas at the time the causes of action alleged herein accrued; and defendant or its authorized agent solicited the transaction which

forms the basis of this suit in Cameron County Texas. Venue is proper in Cameron County, no objection has been made to venue in Cameron County.

### Facts

6.     Plaintiffs entered into an insuring agreement with defendant, the terms of which are contained in policy number 166-98-11, with effective dates of 02/19/01 to 08/19/01. This insurance policy covered a 1998 Dodge Durango and a 2000 Sierra 1500 truck owned by Plaintiffs. The insuring agreement provided coverage for the theft of either covered automobile.

7.     On April 3, 2001, the covered Dodge Durango was stolen. The theft occurred during the applicable policy period. Plaintiffs promptly and timely reported the loss to defendant. Defendant advised Plaintiffs that their insurance policy had been cancelled for non-payment of premiums and that Plaintiffs' vehicle was not covered by the policy in question. Defendant thereafter failed and refused to provide insurance benefits to Plaintiffs under the applicable policy.

8.     Prior to April 3, 2001 Plaintiffs timely sent to Defendant all premiums as they became due. Prior to April 3, 2001 Plaintiffs had numerous conversations with Defendant and its representatives during which Defendant assured Plaintiffs that their payments had been received and that their payments would be applied to their account. Plaintiffs never received any notice—either verbally or in writing— from Defendant that Defendant had not received the premium payments made by Plaintiffs. Plaintiffs never received any notice that Defendant intended to cancel or had cancelled the policy for non-payment of premiums. Plaintiffs have never

received notice of cancellation or termination of their policy.  To the contrary, Defendants had, prior to April 3, 2001, advised Plaintiffs on numerous occasions that all of Plaintiffs' payments had been received and would be properly credited to Plaintiffs' account. Plaintiffs have performed all of their obligations under ·the insuring agreement which is the subject of this suit.

      9.     On or about April 4, 2001 Defendant advised Plaintiff that policy 166-98-11would be reinstated upon payment by Plaintiffs' of the premiums Defendant was now claiming had not been received. Despite having already paid these premiums and having confirmed receipt of same with Defendants, Plaintiffs promptly re-issued payments, using their credit card, to pay the premiums allegedly owed. Plaintiffs re-issued payment of these premiums based on the express representations by Defendant that their policy would be reinstated and coverage continued without lapse.  Plaintiffs re-issued payment in total reliance on the statements and representations made by Defendant regarding reinstatement of their policy and assurances that their loss would be covered. Plaintiffs re-issued payment so that their loss would be covered and their policy honored. Despite the assurances and promises of reinstatement and coverage made by Defendant, Defendant did not re-instate the policy without lapse, but instead re-issued policy 166-98-11with new effective dates (excluding coverage for the date of loss). The new policy also provided full coverage for the stolen automobile, so that Plaintiffs were actually paying premiums to provide coverage for the stolen car, a car Defendant knew was no longer in Plaintiff's' possession. Defendants thereafter

continued to receive and keep Plaintiffs' premiums and continued to provide full insurance coverage for each of Plaintiffs' vehicles, including the stolen automobile, despite having actual knowledge that the Durango was stolen, was no longer in Plaintiffs' possession, and that Plaintiffs had filed a claim for the theft. At all times material herein, the stolen vehicle was insured by Defendant. Indeed, the vehicle remained stolen after April 4, 2001 (after the re-issuance of policy 166-98-11), nonetheless, Defendant failed and refused to honor its obligations under the policy and maintained that the loss was not covered. Defendant had actual knowledge that it had reissued policy 166-98-11, had actual knowledge that the vehicle remained a "loss" after re-issuance of that policy, and continued to bill for and accept premiums on the policy to cover the stolen vehicle. Nonetheless, at the same time that Defendant continued providing coverage for the stolen automobile it also continued in its denial of coverage its theft. Defendant continued demanding and taking payments from Plaintiffs to provide coverage for the stolen vehicle, but also continued to deny that the theft was a covered loss. Defendant, therefore, has waived its right to cancel the policy, has waived its right to allege that it validly cancelled the policy, and/or has waived cancellation of the policy, by engaging in conduct inconsistent with cancellation or that recognizes the continuance of the policy. That conduct includes but is not limited to the conduct described above.

## Defendant violated the Texas Deceptive Trade Practices Act and

## Article 21.21 of The Texas Insurance Code

10.    Defendant's conduct as described above constitutes violations of the Texas Deceptive Trade Practices Act and the Texas Insurance Code. Defendant engaged in false, misleading, and/or deceptive acts or practices that plaintiffs relied on to their detriment.  Specifically, defendant caused confusion about the insuring agreement made the basis of this suit (§17.46(b)(2)); represented that its goods or services had sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities that they do not have (§17.46(b)(5)); represented that an agreement confers or involves rights, remedies, or obligations that it does not have or involve (§17.46(b)(12));  misrepresented  plaintiffs'  rights,  remedies,  and  defendant's obligations  under  the  insuring  agreement  (§17.46(b)(12));  misrepresented  the authority  of  its  agents  and  representatives  in  the  parties'  course  of  dealing (§17.46(b)(14));    failed    to    disclose    material    information    when    asked (§17.46(b)(23)); failed to disclose information abut goods or services that were known at the time of the transaction, which failure was intended to induce Plaintiffs into a transaction that the Plaintiffs would not have entered into had the information been disclosed (§17.46(b)(23)); and failed to disclose material information about necessary coverages when asked (§17.46(b)(23)); made specific misrepresentations about the terms of the policy Texas Insurance Code, Article 21.21,  §4(1);  made  specific  misrepresentations  about  the  benefits  and/or advantages promised by the policy Texas Insurance Code, Article 21.21, §4(1);

made misrepresentations about the insurance policy Texas Insurance Code, Article 21.21, §4(11)(a), (b), (c), (d), and (e); and engaged in unfair settlement practices Texas Insurance Code, Article 21.21, §4(10)(a), (a)(ii), (a)(viii). See also Bus. & Com. Code §17.46(b). Tex. Ins. Code, Art. 21.21, section 16.

    11.    Defendant engaged in an unconscionable action or course of action, to plaintiffs' detriment, took advantage of the lack of knowledge, ability, experience, or capacity of plaintiffs to a grossly unfair degree. Bus. & Com. Code §17.50(a)(3). Tex. Ins. Code, Art. 21.21.

### Defendant Breached Its Contract With Plaintiffs

    12.    Plaintiffs and defendant executed a written contract. The terms of the contract are contained in Policy number 166-98-11. The contract provided that defendant would insure against the theft of Plaintiffs' automobiles. Plaintiffs fully performed their contractual obligations. Defendant has not performed its contractual obligations. Specifically, defendant has not paid to Plaintiffs the monies owed pursuant to the contract of insurance, and specifically, defendant has not paid Plaintiff any monies owed which resulted from the theft of the covered Dodge Durango and its contents.

### Plaintiffs' Compliance with Applicable Notice Provisions And Conditions Precedent

    13.    All conditions precedent have been performed or have occurred as required by Texas Rule of Civil Procedure 54.

### Money Had and Received

14.    In the alternative, Plaintiffs assert the equitable cause of action for money had and received against Defendant.  Plaintiffs, in having paid for the same premiums twice, have an ownership interest in the one of the two payments they made for the insurance coverage.    Defendant has withheld and continues to withhold Plaintiffs' moneys sent twice as payment, that in equity and good conscience belong to Plaintiffs, for the insurance coverage.  As a result, Defendant has been unjustly enriched to Plaintiffs' detriment.

### Damages

15.    Defendant's conduct was a producing and/or proximate cause of economic damages incurred by plaintiffs.   Specifically, plaintiffs are entitled to recover the full value of the stolen automobile and personal property that was in the vehicle when the loss occurred, their out-of-pocket expenses incurred as a foreseeable result of defendant's breach of contract and violation of the Texas Deceptive Trade Practices Act, the benefit of their bargain, all consideration paid, and loss of use damages.

16.    Defendant's conduct was a producing and/or proximate cause of mental anguish damages plaintiffs suffered, for which plaintiffs are entitled to recover as a result of defendant's knowing conduct.  See also Bus. & Com. Code §17.50(b)(1); and the Texas Insurance Code, Article 21.21. Defendant's conduct was committed knowingly. Specifically, defendant had actual awareness of the falsity, deception, misleading, or unfairness of the acts or practices giving rise to plaintiffs' claim. Therefore, Plaintiffs are entitled to additional damages, over and

above their actual damages, of three (3) times the amount of actual damages and/or as otherwise permitted by law.

17.    Defendant's conduct was a proximate and/or producing cause of mental anguish damages plaintiff suffered, for which each plaintiff is entitled to recover as a result of defendant's intentional and knowing conduct.  See also Bus. & Com. Code §17.50(a); see also Universe Life Ins. Co. v. Giles, 950 S.W.2d 48, 54 (Tex. 1995).  Defendant's conduct was intentional because, at the time of the acts and practices complained of, defendant had actual awareness of the falsity, deception, or unfairness of the act or practice and acted with a specific intent that plaintiff act in detrimental reliance on the falsity or deception or in detrimental ignorance of the unfairness. Bus. & Com. Code §17.46(a); Texas Insurance Code.

18.    Because defendant acted knowingly and intentionally, plaintiffs are entitled to recover additional/treble damages under Texas Deceptive Trade Practices Act (DTPA), Texas Business & Commerce Code §17.50(b)(1); and under the Texas Insurance Code.

19.    Defendant's non-performance constitutes a breach of the contract. As a result of defendant's breach, plaintiff incurred the following damages: actual value of the stolen vehicle and property in the vehicle that was also stolen; their out-of-pocket expenses incurred as a foreseeable result of defendant's breach of contract and violation of the Texas Deceptive Trade Practices Act including rental car expenses, the benefit of their bargain, all consideration paid, and loss of use damages.

### Attorneys' Fees and Court Costs

20.  Plaintiff is entitled to recover reasonable and necessary attorney fees under Texas Law, the Texas Insurance Code, and under the DTPA §17.50(d). Plaintiffs are also entitled to recover costs, and expenses. As a result of defendant's breach and other conduct, plaintiffs retained counsel, who presented plaintiffs' claim to defendant. Defendant has not tendered the just amount owed under the contract and in fact has rejected such claim. Thus, plaintiffs seek recovery of reasonable attorney fees as allowed by Texas Civil Practices & Remedies Code §§38.001, *et seq.*, The DTPA, and the Texas Insurance Code.

### Demand for Jury

21.  Plaintiffs demand a jury trial and have tendered the appropriate fee.

### Prayer

22.  For these reasons, plaintiffs ask that plaintiffs have judgment against defendant for:

a.  Economic and other actual damages within the jurisdictional limits of this court. Plaintiffs affirmatively plead that the maximum amount claimed in actual damages is $74,000.00.

b.  Mental anguish damages within the jurisdictional limits of the court.

c.  Damages within the jurisdictional limits of this court.

d.  Additional/treble damages, or three (3) times the amount of actual damages under applicable Texas law.

e.  Reasonable and necessary attorneys' fees.

f.  Prejudgment and post-judgment interest as allowed by law.

g.   Expenses.

h.   Costs of suit.

i.   Actual value of the stolen vehicle; actual value of the stolen personal property that was in the vehicle at the time of the theft, their out-of-pocket expenses incurred as a foreseeable result of defendant's breach of contract and violation of the Texas Deceptive Trade Practices Act, the benefit of their bargain, all consideration paid, and loss of use damages.

j.   All other relief, in law and in equity, to which plaintiff may be entitled.



Respectfully submitted,

PÉREZ & ASSOCIATES

By:

Frank E. Pérez
State Bar No. 15776540
436 Paredes Line Road
Brownsville, Texas 78521
Telephone:  956-504-5403
Facsimile:  956-504-5991

ATTORNEY FOR PLAINTIFFS
IVY J. ARROYO AND
ELIZABETH ARROYO

## CERTIFICATE OF SERVICE

I hereby certify that on the _27_ day of February, 2002 a true and correct copy of the foregoing instrument was served upon counsel of record by the following method:

**VIA FAX (956) 542-0016**
Mr. D. Alan Erwin, Jr.
Roerig, Oliveira & Fisher, L.L.P.
855 W. Price Road, Suite 9
Brownsville, Texas  78520

Pérez & Associates

JS 44
(Rev. 12/96)

# CIVIL COVER SHEET

B-02- 057

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.) District of Texas FILED

## I. (a) PLAINTIFFS

Ivy J. Arroyo and Elizabeth Arroyo

## DEFENDANTS

Geico General Insurance MAR 2 6 2002

Michael N. Milby
Clerk of Court

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF    Cameron
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT    Maryland
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Frank E. Perez
436 Paredes Line Road
Brownsville, TX 78521
TEL/ (956) 504-5403

ATTORNEYS (IF KNOWN)
D. Alan Erwin, Jr.
855 W. Price Road, Suite 9
Brownsville, TX 78520-8786
TEL/ (956) 542-5666

## II. BASIS OF JURISDICTION (PLACE AN "X" IN ONE BOX ONLY)

☐ 1 U.S. Government Plaintiff
☐ 2 U.S. Government Defendant
☐ 3 Federal Question (U.S. Government Not a Party)
☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

☐ 1 Original Proceeding
☒ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## V. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☒ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury— Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury— Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 160 Stockholders' Suits | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 190 Other Contract | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| ☐ 195 Contract Product Liability | | | | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **HABEAS CORPUS:** | | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 871 IRS — Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | | | |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |

## VI. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

28 U.S.C. § 1332(a) and 1441 – complete diversity of citizenship since Defendant was incorporated and its principal place of business is in another state.

## VII. REQUESTED IN COMPLAINT:

CHECK IF THIS IS A CLASS ACTION
☐ UNDER F.R.C.P. 23

DEMAND $ 50,000– monetary; $75,000– actual

CHECK YES only if demanded in complaint
JURY DEMAND: ☒ YES ☐ NO

## VIII. RELATED CASE(S) IF ANY (See instructions):

JUDGE _____    DOCKET NUMBER _____

DATE
3/26/02

SIGNATURE OF ATTORNEY OF RECORD
_(signature)_    D. Alan Erwin, Jr.

FOR OFFICE USE ONLY

RECEIPT #____  AMOUNT____  APPLYING IFP____  JUDGE____  MAG. JUDGE____