IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| IVY J. ARROYO AND | § | |
| ELIZABETH ARROYO | § | |
| | § | CIVIL ACTION NO. 0257 |
| VS. | § | |
| | § | |
| GEICO GENERAL INSURANCE CO. | § | |

## MOTION TO REMAND AND
## BRIEF IN SUPPORT THEREOF

NOW COME, IVY J. ARROYO AND ELIZABETH ARROYO, plaintiffs in this action, pursuant to 28 U.S.C. § 1447(c), move this Court for an order remanding this action to the 197th Judicial District Court of the State of Texas, County of Cameron, on the grounds set forth below.

I.

Removal of this action was not timely in that defendant's Notice of Removal was filed more than 30 days after the time the Plaintiffs' First Amended Original Petition was served on defendant. It is Plaintiffs' First Amended Original Petition, not the third amended petition that begins the running of the 30-day limit to remove. More specifically, Defendant was served on with Plaintiffs' First Amended Original Petition on July 31, 2001, while the Notice of Removal is dated March 26, 2002, over seven (7) months later.

It is clear from Defendant's notice of removal that Defendant interprets Plaintiffs' Third Amended Original Petition to assert damages of $50,000.00 plus $74,000.00, plus additional/treble damages, and that this is the basis for

Defendant's conclusion that damages sought by Plaintiffs total more that the minimum $75,000.00 limit for removal purposes. However, if Defendant interprets Plaintiffs' Third Amended Petition in this fashion, then this Court should deem that Defendant also must interpret Plaintiff's First Amended Petition similarly, that is that Plaintiffs' First Amended Original Petition seeks damages of $50,000.00 plus $70,000.00, plus additional/treble damages. A simple reading of the first and third amended pleadings reveals that the essential damage allegations in the two petitions are virtually the same—indeed, the only difference in the substance of the two pleadings is that the first amended petition asserts that $70,000.00 is the maximum amount of actual damages sought, while the third amended petition increases that amount to $74,000.00. Otherwise, each petition asserts that the aggregate amount claimed exceeds $50,000.00 for discovery plan purposes; the maximum amount of actual damages sought; and that treble damages are sought. This being the case, Defendant's 30-day time limit for removal began to run on July 31, 2001, and expired on August 30, 2001. Defendant's notice of removal on March 26, 2002, therefore, is over six (6) months late.

II.

Defendant has waived its right to remove this case. Defendant vigorously prosecuted its defenses and discovery matters in the state court action by filing special exceptions requiring Plaintiffs to specifically plead the maximum amount of damages sought (to which Plaintiffs responded with their first amended petition); by filing its motion for summary judgment, seeking an adjudication on the merits of

this case in the state court; and by seeking and succeeding in setting a hearing on its motion for summary judgement.

More specifically, this case has proceeded substantially in the state court as follows:

5/30/01: Plaintiffs' Original Petition filed.

6/06/01: Defendant's Original Answer filed.

6/08/01: Defendant's Motion for Trial Setting filed.

6/26/01: Defendant's special exceptions filed (asking that Plaintiffs replead specifically the total damages sought).

7/31/01: Plaintiffs' First Amended Original Petition filed (specifically pleading total damages sought pursuant to Defendant's special exceptions).

1/25/02: Order Setting Trial entered (specifically granting Defendant's Motion for Trial Setting, and setting trial for April 8, 2002).

2/25/02: Plaintiffs' Second Amended Petition filed.

2/27/02: Plaintiffs' Third Amended Petition filed.

3/06/02: Defendant's Motion for No Evidence Summary Judgment filed (seeking adjudication on the merits of all claims).

3/11/02: Defendant's Notice of Hearing filed (evidencing Defendant's success in having a hearing set on its motion for summary judgment, and setting the hearing for April 3, 2002).

3/26/02: Defendant's Notice of Removal filed.

Even if the 30-day limitation for removal began on the filing of Plaintiffs'

Third Amended Petition (2/27/02), as alleged by Defendant, it is clear that Defendant waived its right to remove because at that time (2/27/02) Defendant had a choice to remove this case or proceed in the state Court suit. Defendant clearly, unequivocally and voluntarily chose to continue litigating this case in state court by filing its motion for summary judgment on March 6, 2002, and successfully seeking to have a hearing set on that motion on April 3, 2002. It was not until March 26, 2002 (20 days after making its choice to litigate in state Court, and 13 days before trial in state Court—trial that Defendant requested) that Defendant chose to remove this case to this Federal Court. Defendant had the choice to remove or proceed in state Court, but clearly and unequivocally chose to proceed to defend this action in the state Court; therefore it waived its right to remove. *Brown v. Demco, Inc.*, 792 F.2d 478, at 481 (5th Cir. 1986); *Schell v. Food Machinery Corp.*, 87 F.2d 385, 388 (5th Cir.).

Conclusion

Defendant's removal was untimely and therefore improvident, the operative date for removal being July 31, 2001 (the date of filing of Plaintiffs' Second Amended Petition). Additionally, Defendant waived any right it may have had to remove by clearly and unequivocally invoking the processes of the state Court despite having knowledge of its purported right to remove.

Plaintiffs therefore request that this Court remand this matter to state Court, and for such other and further relief to which Plaintiffs may show themselves justly entitled.

Respectfully Submitted,

**PÉREZ & ASSOCIATES**

By: _____
Frank E. Pérez
State Bar No. 15776540
436 Paredes Line Road
Brownsville, Texas 78521
Telephone:  (956) 504-5403
Facsimile:   (956) 504-5991
ATTORNEYS FOR PLAINTIFFS IVY J. ARROYO AND ELIZABETH A. ARROYO

### CERTIFICATE OF CONFERENCE

I certify that I spoke with Defendant's attorney, Mr. Alan Erwin, on April 25, 2002 regarding Plaintiffs' Motion to Remand and the specific grounds for that motion, and Mr. Erwin is opposed to this motion.

_____
Pérez & Associates

### CERTIFICATE OF SERVICE

I hereby certify that on this the _25th_ day of April 2002, a true and correct copy of the foregoing instrument has been served upon counsel of record by the following method:

**VIA FAX (956) 542-0016**
Mr. D. Alan Erwin, Jr.
Roerig, Oliveira & Fisher, L.L.P.
855 W. Price Road, Suite 9
Brownsville, Texas 78520

_____
Pérez & Associates